Louis I. ALPERSTEIN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18789.

United States Court of Appeals
Fifth Circuit.

June 21, 1961.

Rehearing Denied July 19, 1961.

Martin S. Schwartz, Coral Gables, Fla., for appellant.

Alan S. Rosenthal, Howard E. Shapiro, Dept. of Justice, Washington, D. C., William H. Orrick, Jr., Asst. Atty. Gen., E. Coleman Madsen, U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and CAMERON and JONES, Circuit Judges.

PER CURIAM.

The only question presented by this appeal is whether false statements of financial worth made in connection with a sworn application by a veteran for treatment for non-service connected illness in a United States Veterans Hospital are false "claims," "certificates," or "affidavits," used for the purpose of obtaining payment of a "claim upon or against the Government of the United States."[1]

With due deference to the views of the Court of Appeals of another Judicial Circuit, we cannot agree with the decision of the Court of Appeals for the Tenth Circuit in United States v. Borth, 266 F.2d 521, holding such affidavit and application not to be within the prohibitions of the Act. We are convinced that the filing of such false affidavit and application for hospitalization, involving as it does immediate outlay by the Government of substantial sums of money and the receipt by the patient of services, facilities, food and drugs of substantial cost to the Government, falls within the purview of the False Claims Act.

We cannot better state the facts or our views on the case in issue than did the District Court in its full and able opinion in the trial court. See 183 F.Supp. 584.

The judgment is affirmed.

CAMERON, Circuit Judge (dissenting).

The question presented by this appeal is exactly the same question as was presented to and decided by the Court of Appeals for the Tenth Circuit in United States of America v. Borth, 1959, 266

[1] "Any person not in military or naval forces of the United States, or in the militia called into or actually employed in the service of the United States, who shall make or cause to be made, or present or cause to be presented, for payment or approval, to or by any person or officer, in the civil, military, or naval service of the United States, any claim upon or against the Government of the United States, or any department or officer thereof, knowing such claim to be false, fictitious, or fraudulent, or who, for the purpose of obtaining or aiding to obtain the payment or approval of such claim, makes, uses or causes to be made or used, any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry, or who enters into any agreement, combination, or conspiracy to defraud the Government of the United States, or any department or officer thereof, by obtaining or aiding to obtain the payment or allowance of any false or fraudulent claim, or who, having charge, possession, custody, or control of any money or other public property used or to be used in the military or naval service, who, with intent to defraud the United States or willfully to conceal such money or other property, delivers or causes to be delivered, to any other person having authority to receive the same, any amount of such money or other property less than that for which he received a certificate or took a receipt, and every person authorized to make or deliver any certificate, voucher, receipt, or other paper certifying the receipt of arms, ammunition, provisions, clothing, or other property so used or to be used, who makes or delivers the same to any other person without a full knowledge of the truth of the facts stated therein, and with intent to defraud the United States, and every person who knowingly purchases or receives in pledge for any obligation or indebtedness from any soldier, officer, sailor, or other person called into or employed in the military or naval service any arms, equipments, ammunition, clothes, military stores, or other public property, such soldier, sailor, officer, or other person not having the lawful right to pledge or sell the same, shall forfeit and pay to the United States the sum of $2,000, and, in addition, double the amount of damages which the United States may have sustained by reason of the doing or committing such act, together with the costs of suit; and such forfeiture and damages shall be sued for in the same suit." 31 U.S.C.A. § 231.

F.2d 521. In reaching the opposite result from that reached by the majority here, the Court of the Tenth Circuit wrote an opinion which I think is unanswerable and cited authorities which I think are controlling here, particularly United States v. McNinch, 356 U.S. 595, 78 S.Ct. 950, 2 L.Ed.2d 1001.

Based upon principle, backed by the Borth case and the authorities cited, it is my conviction that this case should be reversed and I respectfully dissent from the majority opinion affirming it.

Rehearing denied; Cameron, Circuit Judge, dissenting.